UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL B. REED,

    Petitioner,

                                     Case No: 07-10719
                                     HON. AVERN COHN

v.

ANDREW JACKSON,

    Respondent.
_____/

# MEMORANDUM AND ORDER
# DENYING PETITION FOR WRIT OF HABEAS CORPUS
# AND
# DENYING CERTIFICATE OF APPEALABILITY

## I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Michael B. Reed, ("Petitioner") is a state prisoner confined at Bellamy Creek Correctional Facility in Ionia, Michigan. Petitioner has filed a pro se petition for writ of habeas corpus raising claims of ineffective assistance of counsel and sufficiency of the evidence issues. Petitioner was convicted of first-degree felony murder , M.C.L. §750.316(1)(b) and possession of a firearm during the commission of a felony, M.C.L. §750.227b. Petitioner was sentenced to life imprisonment for the murder conviction and a consecutive two-year term of imprisonment for the felony-firearm conviction. For the reasons that follow, the petition will be denied.

## II. Factual Background

Petitioner's conviction arises from the robbery and shooting death of decedent, Guy Colbert, a suspected drug dealer. Petitioner was tried in a joint trial with his co-

defendant Edward Brown. However, Petitioner and Brown had separate juries. Brown admitted to law enforcement officials that he committed the crime along with a gentleman by the name of Michael Murray. When the police arrived at the home of where they were told Michael Murray resided, they found Petitioner, Michael Reed, who fit the same physical description provided by Edward Brown.

Petitioner was arrested and taken into custody. He was questioned by the police and ultimately made incriminating statements. Petitioner confessed to participating in Colbert's robbery and murder and informed the police where they could find the murder weapon. Petitioner now claims that his cooperation with the police was coerced and involuntary; he did not read the statements before signing them; and his statements were made because he was promised by the police that he could go home if he cooperated and signed his confession.

### III. Procedural History

Following Petitioner's conviction, he filed his Claim of Appeal and then filed a series of motions requesting a new trial and an evidentiary hearing. The issues raised in these motions involved the validity of his arrest without a warrant, the admissibility of his incriminating statements to the police, the insufficiency of the evidence, and his ineffective assistance of counsel. An evidentiary hearing was held over the course of three days. The trial court entered an order denying Petitioner's motion for a new trial on December 9, 2003. Petitioner then filed his brief on appeal with the Michigan Court of Appeals raising the following two claims:

> "I. Mr. Reed was deprived of the effective assistance of counsel when trial counsel failed to request an evidentiary hearing or move to suppress two involuntary, incriminating statements made by the defendant during

> successive custodial interrogations, conducted when Mr. Reed was unlawfully in custody, or the firearm found as the fruit of the unlawful interrogations; and by trial counsel's failure to cross examine at trial the most critical prosecution witness.
>
> II. Mr. Reed's convictions for felony murder and felony firearm must be reversed where the verdicts were against the great weight of the evidence and also were based on insufficient evidence in violation of Mr. Reed's due process rights under US Const Ams V, XIV and Mich Const 1963, Art 1, §§ 17, 20"

Petitioner's conviction was affirmed. People v. Reed, No. 231665, 2004 WL 2412714, (Mich. Ct. App. Oct. 28, 2004). Petitioner filed an application for leave to appeal with the Michigan Supreme Court and leave was denied. People v. Reed, 474 Mich. 1067 (2006). Petitioner has now filed this habeas petition raising the same two claims presented to the state appellate courts.

## IV. Standard of Review

Under 28 U.S.C. §2254(d), a petitioner is not entitled to relief in a federal habeas corpus proceeding unless the state court's adjudication of his or her due process claim resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

"Clearly established federal law" means "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000). A state court decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by [the

3

Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 412-13.

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

## V. Analysis

### A. Ineffective Assistance of Counsel

Petitioner claims that his trial counsel was ineffective because he failed to: (1) move for the suppression of Petitioner's custodial statements because they were involuntary and coerced; (2) move for the suppression of the murder weapon as it was seized pursuant to an illegal arrest; (3) move for suppression of the inculpatory statements because Petitioner's interrogation was not audio or video taped; and (4) cross-examine one of the interrogating police officers.

To show that Petitioner was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-prong test. In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court sets forth the two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. Second, the petitioner must establish that the

deficient performance prejudiced the defense.  Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal.  Id.

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance.  Id. at 690.  The reviewing court's scrutiny of counsel's performance is highly deferential.  Id. at 689.  The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  Id. at 690.

To satisfy the prejudice prong under Strickland, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" Id. at 694.  A reasonable probability is one that is sufficient to undermine confidence in the outcome.  Id.  "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the  proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result."  McQueen v. Scroggy, 99 F.3d 1302, 1311-12 (6th Cir. 1996).

### 1. Suppression of Petitioner's Statements

Petitioner first claims that his confession to the police was involuntary, because it was induced by expectations of going home in exchange for his confession and because he was not mentally capable of understanding or intelligently waiving his

constitutional rights.[1] A three-day post-conviction evidentiary hearing was conducted before the state trial court on January 11, 2002, January 14, 2002, and January 22, 2002 for the purpose of challenging Petitioner's waiver of his Miranda [2] rights, the

---

[1] Here, following Petitioner's arrest, he made a statement to Officer James Fisher, who was investigating Guy Colbert's murder. The statement was made just after midnight on October 9, 1999. Petitioner told Officer Fisher that his co-defendant, Edward Brown, wanted to rob Colbert; Brown shot Colbert; and Petitioner did not involve himself in Brown's plan. The following morning at approximately 9:00 am, Petitioner made another statement to Officer Barbara Simon. In that statement Petitioner said that he was afraid of what Mr. Colbert might do when he saw Colbert begin to reach for something. At that point Petitioner said that he pulled out his gun and shot Colbert. Although neither statement was written in Petitioner's own hand (i.e., one was typed and one was handwritten by the police officer) the record indicates that: (1) Petitioner read aloud his statements; (2) represented that he understood the content of his statements; and (3) was properly Mirandized.

[2] Prior to any questioning, the police must warn a suspect that:

> "he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed. The defendant may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly and intelligently. If, however, he indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking, there can be no questioning. "

Miranda v. Arizona, 384 U.S. 436, 444-45 (1966). A valid waiver of the right to have counsel present during custodial interrogation:

> cannot be established by showing only that [the accused] responded to further police-initiated custodial interrogation even if he has been advised of his rights. [A]n accused . . . having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, *unless the accused himself initiates further communication, exchanges, or conversations with the police.*

Edwards v. Arizona, 451 U.S. 477, 484-85 (1981) (footnote omitted) (emphasis added).

voluntariness of his confession, and trial counsel's effectiveness when he failed to request a Walker[3] hearing.  At the conclusion of the hearing, the trial court determined that Petitioner had been given and had waived his Miranda rights, and that his statement was freely given and without police coercion.  The trial court rejected Petitioner's claim that he did not understand the rights that he was relinquishing, finding much of Petitioner's testimony on this issue to be incredible in light of the testimony from Officer Fisher and trial counsel.  Specifically, the trial court stated in its opinion after the post-conviction hearing as follows:

> This Court finds that defendant voluntarily, knowingly and intelligently waived his right not to give a statement.  The prosecution elicited testimony that defendant had been treated properly while in custody and had not been subject to any deprivations.  Defendant contends that his confession was induced by promises of being allowed to go home if he gave the statements.  In fact, defendant claims that both officers offered him that inducement.  However, this court finds the hesitancy of defendant's testimony unconvincing that Fisher and/or Simon ever specifically made the inducement.  Defendant presents no credible evidence that he was in any way coerced, abused, or subject to compulsion sufficient to overbear his will to resist."

> With regard to whether defendant knowingly and intelligently waived his rights defendant submits that he has a learning or comprehension disabilities . .

> The defendant has not presented sufficient evidence to overcome the prima facie case that defendant voluntarily, knowingly, and intelligently waived his Fifth Amendment rights as presented by te prosecution. Therefore, this Court finds that the statements made to police while in custody were admissible as substantive evidence against the defendant."

Pet., App. 6, pg. 7 -8.

---

[3] People v. Walker, 374 Mich. 331(1965)

The Michigan Court of Appeals upheld these factual findings as follows:

> Defendant offered evidence of his youth, learning disability, and police misconduct to support his claim that his statements were involuntary. Relying on both the trial testimony and its determination that defendant's testimony at the evidentiary hearing was not credible, the trial court concluded that defendant's statements were voluntary.
>
> The officers who took defendant's statements testified that he read his constitutional rights out loud and indicated he understood them. They testified that defendant agreed to give the statements, and they denied that he was coerced. And counsel explained defendant admitted to him that the police had not made any promises. Counsel concluded there was no basis to proceed with a suppression motion. The evidence supported the court's determination that the statements were voluntarily given as well as its determination that defendant's evidentiary hearing testimony was not credible. We defer to the court's assessment of credibility. Accordingly, because defendant's statements were voluntary, counsel did not err by not seeking to suppress them on this basis. Counsel was not required to make a futile motion.

People v. Reed, No: 231665, 2004 WL 2412714, *2.

In considering federal habeas petitions, a federal district court must presume the correctness of state court factual determinations, and a habeas petitioner may rebut this presumption only with clear and convincing evidence. Bailey v. Mitchell, 271 F. 3d 652, 656 (6th Cir. 2001); Jones v. Smith, 244 F. Supp. 2d 801, 808 (E.D. Mich. 2003); 28 U.S.C. § 2254(e)(1). Subsidiary factual questions in determining the voluntariness of a statement to police, such as whether the police engaged in intimidation tactics alleged by a habeas petitioner, are entitled to the presumption of correctness accorded to state court findings of fact. Miller v. Fenton, 474 U.S. 104, 112 (1985). Likewise, whether a defendant understood his or her Miranda rights is a question of fact

8

underlying the question of whether his waiver of those rights was knowing and intelligent. Thus, on federal habeas review, a federal court has to presume that the state court's factual finding that a defendant fully understood what was being said and asked of him was correct unless the petitioner shows otherwise by clear and convincing evidence. Williams v. Jones, 117 Fed. Appx. 406, 412 (6th Cir. 2004); See also Terry v. Bock, 208 F. Supp. 2d 780, 789 (E.D. Mich. 2002).

Here, Petitioner is not entitled to habeas relief because he has failed to offer any evidence, clear and convincing or otherwise, to rebut the findings by the state trial court that he understood the rights that were read to him. Likewise, the state appellate court's finding that the police made no promises to induce an incriminating statement from Petitioner and that his statement was, therefore, voluntarily made, is entitled to the presumption of correctness because Petitioner has failed to present clear and convincing evidence to rebut this presumption. Further, because Petitioner has failed to present clear and convincing evidence to rebut this presumption, he is not entitled to challenge the Michigan Court of Appeals' credibility determination concerning the voluntariness of his confession on habeas review.

Because Petitioner has failed to show that his inculpatory statements were involuntary and coerced, defense counsel did not provide ineffective assistance of counsel in declining to file a suppression motion or request a Walker hearing relative to the admissibility of Petitioner's statements. Habeas relief is, therefore, not warranted on this claim.

9

## 2. Failure to Argue Unlawful Arrest & Suppression of the Murder Weapon

Petitioner next claims that trial counsel was ineffective for failing to seek the suppression of the gun seized from his home when the seizure took place following his unlawful warrantless arrest. The Michigan Court of Appeals disagreed stating as follows:

> In this case evidentiary hearing testimony established that a codefendant informed police that a person named "Michael Murray" was the shooter, but the codefendant admitted that he was not certain of this other person's last name. Still, the codefendant gave a physical description of the person, knew where he lived, and led police to the person's house, There, the police found defendant, whose first name is Michael, and arrested him. While defendant did not exactly match the description given by the codefendant, he was of the approximate age, he had the same first name, and he was present at the home identified by the co-defendant. This was sufficient to provide probable cause for defendant's arrest. Therefore, trial counsel was not ineffective for failing to challenge the evidence on this ground.

Reed, No: 231665, 2004 WL 2412714, *2. The Court agrees.

"A false arrest claim brought under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff. An arrest pursuant to a facially valid arrest warrant is normally a complete defense to a federal constitutional claim for false arrest made pursuant to 42 U.S.C. §1983." Voyticky v. Timberlake, 412 F.3d 669, 677 (6th Cir. 2005) (citations omitted). Further, when "police have probable cause to arrest one party, and when they reasonably mistake a second party for the first party, then the arrest of the second party is a valid arrest." Hill v. California, 401 U.S. 797, 802 (1971).

The reasonableness of an arrest is determined by looking at the totality of the

circumstances surrounding the arrest. Hill v. Scott, 349 F.3d 1068, 1072-73 (8th Cir, 2003). "Sufficient probability not certainty is the touchstone of reasonableness under the Fourth Amendment. Hill v. California, 401 U.S. at 804. Significantly, courts have held that it is reasonable for the police to "rely on facially valid arrest warrants even in the face of vehement claims of innocence by reason of mistaken identity, or otherwise." Masters v. Crouch, 872 F.2d 12481253 (6th Cir. 1989), citing Baker v. McCollan, 443 U.S. 137, 145 (1979). Further, any "discrepancies, between an arrest warrant and the arrestee's physical appearance, address, and birth date, are often insufficient to create a genuine issue of factual dispute about whether arresting officers had probable cause." Tibbs v. City of Chicago, 469 F.3d 661, 664 (7th Cir. 2996).

    In this case, although Petitioner was arrested without a warrant, the principle in Hill v. California remains the same since warrantless arrests are constitutional when there is probable cause to do so. It is well-established that the Fourth Amendment requires probable cause for an arrest or seizure of a free citizen, such as Petitioner. See Michigan v. DeFillippo, 443 U.S. 31, 36-37 (1979); Crockett v.Cumberland College, 316 F.3d 571, 580 (6th Cir. 2003). Thus, "a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe

that a criminal offense has been or is being committed." Devenpeck v. Alford, 543 U.S. 146, 152 (2004).

    Despite the fact that the police officers had the wrong name of the individual they sought to arrest, they arrested the correct individual in the residence they were directed to in order to find Petitioner. Therefore, Petitioner's arrest was not unlawful and the

firearm was properly seized from the property. Accordingly, trial counsel was not ineffective for not challenging Petitioner's arrest and the state court was not unreasonable in concluding the same.

### 3. Failure to Seek Suppression of Statements that were not Electronically Recorded

Petitioner argues that trial counsel was ineffective for failing to seek suppression of his statements on the grounds that the interrogation was not videotaped or audio taped. The Michigan Court of Appeals rejected this argument stating that "due process does not require such a practice." Reed, No: 231665, 2004 WL 2412714, *3. The Court agrees.

Petitioner can point to no federal authority or a Supreme Court decision in support of his due process claim. In fact, federal law does not require that a state electronically record custodial interrogations and confessions. United States v. Dobbins, No: 96-4233 1998 WL 598717, *3 (6th Cir. Aug. 27, 1998), citing United States v. Coades, 549 F.2d 1303, 1305 (9th Cir. 1997). Therefore, defense counsel was not ineffective for not seeking suppression on these grounds.

### 4. Failure to Cross-Examine an Interrogating Police Officer

Petitioner contends that defense counsel failed to provide effective assistance of counsel by failing to cross-examine one of the interrogating officers, Officer Simon. The Michigan Court of Appeals disagreed as follows:

> Counsel explained that he intentionally declined to question the officer because he was not challenging the statement she obtained. He wanted it to appear to the jury that the defense had a problem with the statement

because it supported an argument that defendant was either guilty of a lesser offense or not guilty because he acted in self-defense. Counsel made a valid strategical decision to use the statement to benefit defendant. Not questioning the officer about it was part of this strategy. That the strategy ultimately failed does not indicate that counsel was ineffective.

Reed, No: 231665, 2004 WL 2412714, *3. (internal citations omitted). The Court agrees.

Under Strickland a court must presume that decisions by counsel as to whether to call or question witnesses are matters of trial strategy. Hutchinson v. Bell, 303 F3d 720, 749 (6th Cir. 2002). In this case, the Court does not need to presume. An evidentiary hearing was held and defense counsel explained quite eloquently and in detail his rationale in not calling Officer Simon to testify. Accordingly, habeas relief is denied on this prong of Petitioner's ineffective assistance of counsel claim.

### B. Great Weight of the Evidence / Insufficiency of Evidence

Petitioner contends that his felony murder conviction was not supported by the great weight of the evidence and were based upon insufficient evidence. Addressing both claims together, the Michigan Court of Appeals disagreed with Petitioner's position and stated as follows:

> In this case, defendant's statement that he shot the victim and medical evidence that the victim was shot in the head and neck, viewed most favorably to the prosecution, was sufficient to prove that defendant killed the victim while possessing the requisite malice.
>
> Moreover, there was sufficient evidence that the killing was committed during the commission of a larceny. Defendant's statements indicated that there was a plan to rob the victim and that the two men took money and cigarettes from the victim, An eyewitness' description of the arm movements of the two men supported an inference that they were

13

rummaging through the victim's clothing to find something to take. Additionally, the victim was found with one of his pants' pockets turned out. Accordingly, there was sufficient evidence to support defendant's conviction of first-degree felony murder. Finally, in light of all the evidence presented, we cannot conclude that the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow it to stand. The trial court did not abuse its discretion in denying defendant's motion for a new trial.

People v. Reed, No: 231665, 2004 WL 2412714, *4.

In support of Petitioner's claim, he states the following:

"[T]he prosecution failed entirely to prove that Mr. Reed murdered Mr. Guy Colbert, or that he did so during the commission of an attempted larceny. The prosecution only established that Mr. Reed made two inconsistent statements to two different homicide investigators. Neither of these statements contained significant details of the crime that would establish it occurred, as witness Ericka Harris, or the crime scene investigators said it occurred. Mr. Reed was not found with any property belonging to the victim, his fingerprints were not found on the murder weapon recovered from his stepmother's home; he was never seen at or near the place of the killing, and no motive was established on his part."

Pet. App. at 65.

### 1. Sufficiency of Evidence

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Scott v. Mitchell, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to Jackson v. Virginia, 443 U.S. 307, 319 (1979)). The reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose

demeanor has been observed by the finder of fact. Marshall v. Lonberger, 459 U.S. 422, 434 (1983). The determination of the credibility of a witness is within the sole province of the finder of fact and is not subject to review. Dillard v. Prelesnik, 156 F. Supp.2d 798, 805 (E.D. Mich. 2001). Finally, a federal court on habeas review does not substitute its judgment for that of the finder of fact. Id.

Under Michigan law, the elements of first-degree felony murder are:

(1) the killing of a human being;(2) with an intent to kill, to do great bodily harm, or to create a high risk of death or great bodily harm with knowledge that death or great bodily harm is the probable result (i.e., malice); (3) while committing, attempting to commit, or assisting in the commission of one of the felonies enumerated in the felony murder statute. Matthews v. Abramajtys, 319 F. 3d 780, 789 (6th Cir. 2003)(citing to People v. Carines, 460 Mich. 750, 759; 597 N.W. 2d 130 (1999)).

Petitioner first contends that there was insufficient evidence to convict him of the crime because there was no evidence, apart from his confession, which linked him to the murder and the content of his confession was not sufficient to sustain a felony murder conviction. Eyewitness identification is not necessary to sustain a conviction. Dell v. Straub, 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002). In addition, "[A]n admission by the accused identifying himself as the person involved in the (crime) is sufficient to sustain a guilty verdict when the crime itself is shown by independent evidence." United States v. Opdahl, 610 F. 2d 490, 494 (8th Cir. 1979).

Here, there was independent evidence that the victim was murdered and that $25.00 in cash was missing from the victim after the robbery. Petitioner and his co-

15

defendant, Edward Brown, were identified by Ericka Harris, as the individuals she observed rummaging through Mr. Colbert's pockets as he lay on the ground. Edward Brown identified Petitioner as participating in the murder and robbery of Colbert. Petitioner confessed to Officer Simon that he shot Colbert. Finally, Petitioner told the police where they could locate the weapon used to kill Colbert. Upon finding the firearm, it was tested and determined to be the murder weapon. The fact that the stolen cash was not recovered or found on the Petitioner merely goes to the weight, not the sufficiency of the evidence in this case. In order to prove the *corpus delicti* in a prosecution for larceny, it is not necessary that stolen property be recovered. See Mora v. United States, 190 F. 2d 749, 750 (5th Cir. 1951)(citing 52 C.J.S., Larceny, 131, page 967)(additional citations omitted). Petitioner's confession was, therefore, sufficient to sustain his conviction for first-degree felony murder.

Accordingly, he is not entitled to habeas relief on his insufficiency of evidence claim; the Michigan Court of Appeals' determination that there was sufficient evidence to convict Petitioner of first-degree felony murder was not unreasonable. See Riley v. Berghuis, 388 F. Supp. 2d 789, 804 (E.D. Mich. 2005).

### 2. Great Weight of the Evidence

In his second claim, Petitioner alleges that his convictions were against the great weight of the evidence. The Michigan Court of Appeals adjudicated this claim along with Petitioner's sufficiency-of-the-evidence claim. Reed, No: 231665, 2004 WL 2412714, *4. The court of appeals stated that the same evidence which

supported Petitioner's convictions also supported the trial court's decision to deny Petitioner's motion for a new trial based on the great weight of the evidence. See id. The court of appeals determined that the verdict was not against the great weight of the evidence and, thus, the trial court did not abuse its discretion by denying Petitioner's motion for a new trial on this basis." Id.

This Court agrees with the approach taken by the state court. Petitioner's great-weight-of-the-evidence claim is subsumed by his sufficiency-of-the-evidence claim. Therefore, for the reasons set forth previously, the Court finds that Petitioner is not entitled to habeas relief based on this claim.

.    **C. Certificate of Appealability**

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.[4]  28 U.S.C. §§ 2253(c)(1)(A), (B).  A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See* Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . .  jurists could conclude the issues presented are adequate to

---

[4]Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), 28 U.S.C. foll. § 2254.

deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. Id. at 336-37. The court concludes that jurists of reason would not find the Court's assessment of the constitutional claims debatable or wrong. The Court thus declines to issue Petitioner a certificate of appealability.

### VI. Conclusion

Accordingly, for the reasons stated above, the petition for writ of habeas corpus" is DENIED.

A certificate of appealability is DENIED.

SO ORDERED.


Dated: March 31, 2010                  S/Avern Cohn
                                       AVERN COHN
                                       UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to Michael Reed 323335, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880 and the attorneys of record on this date, March 31, 2010, by electronic and/or ordinary mail.

                                       S/Julie Owens
                                       Case Manager, (313) 234-5160